UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ROBERT ROE,

        Petitioner,                      Case No. 2:10-cv-7

v.                                                Honorable R. Allan Edgar

JEFFREY WOODS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner currently is incarnated at Kinross Correctional Facility. He was convicted by a Calhoun County jury of three counts of criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a). (Pet. at 1, docket #1.) On April 30, 2004 he was sentenced to concurrent terms of incarceration of 35 to 60 years for each count. He appealed his conviction, which was affirmed by the Michigan Court of Appeals on March 14, 2006. Plaintiff then sought leave to appeal to the Michigan Supreme Court, which was denied on August 29, 2006.

According to the Calhoun County Circuit Court, he filed a motion for relief from judgment on October 29, 2007. It was denied on February 21, 2008. (Ex. B, docket # 1-3.) He sought leave to appeal the decision to the Michigan Court of Appeals and was denied on June 5, 2009 under Mich. Ct. Rule 6.508(D). He sought leave to appeal from the Michigan Supreme Court and was denied on September 9, 2009.

He raises seven grounds for relief in his habeas petition: (1) denial of due process because his motion for relief from judgment was denied; (2) denial of due process because there was insufficient evidence since no specific dates of the underlying criminal events were identified; (3) denial of his Sixth Amendment rights to a fair trial when the trial court refused to dismiss a juror; (4) the trial court committed a reversible error because expert testimony was improperly admitted; (5) prosecutorial misconduct; (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate counsel.

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on August 29, 2006. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on November 28, 2006. *See Bronaugh*, 235 F.3d at 284-85 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Petitioner had one year from November 28, 2006, until November 28, 2007, to file his habeas application. As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Petitioner filed a motion for relief from judgment on October 29, 2007, leaving 29 days remaining before the expiration of the statute of limitations. His motion was denied and Petitioner sought leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied him leave on September 9, 2009. Therefore, the limitation period expired 29 days later, on October 9, 2009. Petitioner filed his petition on January 14, 2010, more than three months after the statute of limitations expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file

objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 16, 2010

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).