UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ROBERT ROE,

    Petitioner,

v.                                                   Case No. 2:10-cv-7
                                                    HON. R. ALLAN EDGAR

JEFFREY WOODS,

    Respondent.
_____/

## ORDER

      Michigan state prisoner Mark Robert Roe ("Roe") filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). On April 16, 2010, Magistrate Judge Greeley submitted his report recommending that the habeas petition be denied on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). [Doc. No. 2]. 28 U.S.C. § 2244(d)(1)(A) provides that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a state prisoner who is in custody pursuant to the judgment of a state court. The limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

      Roe objects and argues that his habeas petition is timely filed within the one-year statute of limitations. [Doc. No. 3]. Roe admits that he made a mistake by omitting a key item of information in his habeas petition which changes the calculation in applying the statute of limitations. The omitted information concerns Roe's motion for reconsideration in the Supreme Court of Michigan

1

regarding the direct appeal from his judgment of conviction. It is argued by Roe that the period of time his motion for reconsideration was pending before the Michigan Supreme Court should be included in calculating when the statute of limitations commenced to run on his habeas petition.

Roe's objection on this point is well taken. The Court allows Roe to supplement the record and amend his habeas petition to provide the new information regarding his motion for reconsideration in the Supreme Court of Michigan. This new information must be included in the calculation to determine when the one-year statute of limitation, 28 U.S.C. § 2244(d)(1)(A), commenced to run on Roe's 28 U.S.C. § 2254 habeas petition.

On April 30, 2004, Roe was sentenced by the Circuit Court of Calhoun County, Michigan. Roe took a direct appeal from the judgment of conviction, and on March 14, 2006, the Michigan Court of Appeals affirmed the judgment of conviction and sentence, and dismissed the direct appeal. *People v. Roe*, 2006 WL 626193 (Mich App. March 14, 2006). Roe sought leave to appeal to the Supreme Court of Michigan which was denied on August 29, 2006. *People v. Roe*, 476 Mich. 867, 720 N.W.2d 310 (Mich. 2006). Roe then made a motion for reconsideration which was denied on January 29, 2007, by the Supreme Court of Michigan. *People v. Roe*, 477 Mich. 1009, 726 N.W.2d 10 (Mich. 2007). [Doc. No. 5-2].

Accordingly, the Court does not adopt the report and recommendation. This case if referred to Magistrate Judge Greeley for further review.

SO ORDERED.

Date: July 1, 2010.

                                                      /s/ R. Allan Edgar
                                         R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE