UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MARK ROE,

        Petitioner,

v.                                     Case No. 2:10-cv-7
                                       HON. R. ALLAN EDGAR

JEFFREY WOODS,

        Respondent.

_____/


## REPORT AND RECOMMENDATION

        Petitioner Mark Roe filed this petition for writ of habeas corpus challenging his conviction for first degree criminal sexual conduct.  Petitioner currently is incarcerated at Kinross Correctional Facility.  He was convicted by a Calhoun County jury of three counts of criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a).  (Pet. at 1, docket #1.)  On April 30, 2004, Petitioner was sentenced to concurrent terms of incarceration of 35 to 60 years for each count.  He appealed his conviction, which was affirmed by the Michigan Court of Appeals on March 14, 2006.  Petitioner then sought leave to appeal to the Michigan Supreme Court, which was denied on August 29, 2006.

        According to the Calhoun County Circuit Court, Petitioner filed a motion for relief from judgment on October 29, 2007.  It was this motion where Petitioner first raised the issues presented in this petition.  The motion was denied on February 21, 2008.  (Ex. B, docket # 1-3.)  Petitioner sought leave to appeal the decision to the Michigan Court of Appeals and was denied on June 5, 2009, under MCR 6.508(D).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, however, it was rejected because it was filed outside the 56 day period to

file the application after the Michigan Court of Appeals had issued a decision (Affidavit of Corbin R. Davis, Docket #34).

Petitioner asserts seven grounds for relief in his habeas petition: (1) denial of due process because his motion for relief from judgment was denied under MCR 6.508(D); (2) denial of due process because there was insufficient evidence since no specific dates of the underlying criminal events were identified; (3) denial of his Sixth Amendment rights to a fair trial when the trial court refused to dismiss a juror; (4) the trial court committed a reversible error because expert testimony was improperly admitted; (5) prosecutorial misconduct; (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate counsel.

Respondent has asserted that Petitioner procedurally defaulted his claims because after the Michigan Court of Appeals denied relief under MCR 6.508(D), Petitioner failed to file a timely and proper application for leave to appeal in the Michigan Supreme Court.[1] When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is

---

[1]Respondent does not argue that the Michigan Court of Appeals' order invokes procedural default. In *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking MCR 6.508(D) are unexplained orders within the meaning of *Ylst v. Nunemaker*, 501 U.S. 797 (1991). Such form orders are presumed to uphold or reject the last reasoned decision below. *Guilmette*, 2010 WL 4117281, at **4 (citing *Ylst*, 501 U.S. at 803). As a result, absent an explained decision from some Michigan court applying Rule 6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of MCR 6.508(D).

a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to

comply with the rule; (2) the court must decide whether the state courts actually enforced the state

procedural rule; (3) the default must be an "independent and adequate" state ground on which the

state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met,

the Petitioner must demonstrate cause for his failure to follow the rule and that he was actually

prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001)

(citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663,

672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a

generally sound rule renders the state ground inadequate to stop consideration of a federal question."

*Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002).  A Petitioner may also excuse a default by making a

colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted

in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing

*Murray v. Carrier*, 477 U.S. 478, 495 (1986)).   This exception is reserved for a very narrow class

of cases, based on a claim of "new reliable evidence."  *Schlup*, 513 U.S. at 315, 324.

When a Petitioner has procedurally defaulted in the state courts, the federal habeas

court will only entertain the defaulted issue if the Petitioner can show "cause" for the procedural

default and "actual prejudice" as result of the alleged federal violation or can show actual innocence.

*Coleman*, 501 U.S. at 750 (1991); *Murray*, 477 U.S. at 485; *Lucas v. O'Dea*, 169 F.3d 1028, 1033

(6th Cir. 1999); *Rust*, 17 F.3d at 160-61.  To show cause sufficient to excuse a failure to raise claims

on direct appeal, Petitioner must point to "some objective factor external to the defense" that

prevented him from raising the issue in his first appeal.  *Murray*, 477 U.S. at 488; *see McCleskey v.

Zant*, 499 U.S. 467, 497 (1991).  Petitioner blames his appellate counsel for his failure to file a

timely appeal in the Michigan Supreme Court. Although Petitioner was not represented by counsel and attempted to file his appeal with the Michigan Supreme on his own, Petitioner asserts that his appellate counsel actually wrote his appellate brief for the Michigan Supreme Court. Petitioner claims that he received it late from counsel and that is why it was not filed timely. However, it was Petitioner's obligation to file a proper timely appeal and he has not explained why he was unable to accomplish this on his own, especially since he had already filed a timely application for leave to appeal in the Michigan Court of Appeals.

Where a Petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). Regardless, Petitioner cannot show prejudice for his default. Prejudice requires the Petitioner to show that the alleged error "worked to his *actual* and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)), *cert. denied*, 516 U.S. 992 (1995). "'[T]he prejudice component of the cause and prejudice test is not satisfied if there is strong evidence of Petitioner's guilt and a lack of evidence to support his claim.'" *Perkins*, 58 F.3d at 219 (quoting *Rust*, 17 F.3d at 161-62). In the opinion of the undersigned, the evidence presented against Petitioner supported his conviction and Petitioner cannot establish any constitutional error during this trial or state appeals of these issues. Each of Petitioner's claims are without merit.

In summary, the undersigned concludes that Petitioner has procedurally defaulted and Petitioner's claims are without merit. The petition should be dismissed on that basis.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on grounds of procedural default.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


          /s/ Timothy P. Greeley
          TIMOTHY P. GREELEY
          UNITED STATES MAGISTRATE JUDGE

Dated:   November 26, 2012