UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK ROBERT ROE,

      Petitioner,

v.                                                                               Case No. 2:10-cv-7
                                             HON. R. ALLAN EDGAR

JEFFREY WOODS,

      Respondent.

_____/


**MEMORANDUM AND ORDER**

      Mark Robert Roe, a Michigan state prisoner in the custody of the Michigan Department of

Corrections, brings a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.

      Respondent Jeffrey Woods argues that the entire habeas petition should be dismissed because

Roe did not completely exhaust his remedies available in the Michigan state courts, and all claims

or grounds for relief asserted by Roe in his habeas petition are barred by procedural default. [Court

Doc. No. 13]. It is also argued that Roe has not met his burden of showing cause and prejudice to

excuse or overcome the procedural default. Respondent Woods further argues that Roe cannot

excuse or overcome the procedural default based on the fundamental miscarriage of justice

exception. Roe fails to show that a fundamental miscarriage of justice would result if this Court does

not review and adjudicate his federal habeas claims because he does not have a credible claim of

actual (factual) innocence supported by new reliable evidence.

      The Court concludes that the respondent's arguments are well taken. Magistrate Judge

Timothy P. Greeley submits his report and recommendation that the entire habeas petition should

be denied and dismissed with prejudice. [Court Doc. No. 39].  Magistrate Judge Greeley correctly

finds that all of the federal claims and grounds for relief pleaded in the habeas petition are

procedurally defaulted, and Roe has not met his burden of showing cause and prejudice to excuse

or overcome the procedural default.  It is also recommended that a certificate of appealablity be

denied under 28 U.S.C. § 2253(c)(2) and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Roe raises objections to the report and recommendation.  After reviewing the record *de novo*,

the Court concludes that Roe's objections [Court Doc. No. 40] are without merit and denied.  The

Court agrees with and adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  The

Court takes this opportunity to clarify and amplify the facts and conclusions of law set forth in the

report and recommendation.

I.      **Facts and Procedural History**

Roe challenges the validity of the judgment of conviction entered against him in April 2004

in the Circuit Court of Calhoun County, Michigan.  Following a jury trial, he was found guilty and

convicted on three counts of first-degree criminal sexual conduct with a female child under the age

of 13 years in violation of MCL § 750.520b(1)(a).  On April 30, 2004, Roe was sentenced to

concurrent terms of 35 to 60 years imprisonment on each count.

Roe took a direct appeal to the Michigan Court of Appeals.  On March 14, 2006, the

Michigan Court of Appeals affirmed the judgment of conviction and sentence, and dismissed the

direct appeal.  *People v. Roe*, 2006 WL 626193 (Mich App. March 14, 2006).  Roe filed an

application for leave to appeal to the Supreme Court of Michigan which was denied on August 29,

2006. *People v. Roe*, 476 Mich. 867, 720 N.W.2d 310 (Mich. 2006).  His motion for reconsideration

was denied on January 29, 2007.  *People v. Roe*, 477 Mich. 1009, 726 N.W.2d 10 (Mich. 2007).

After completing his direct appeal, Roe made a motion in the Calhoun County Circuit Court

seeking relief from the judgment of conviction under Michigan Court Rules (MCR) 6.502 - 6.508.

It was in this motion that Roe for the first time raised the seven claims which he now presents to this

United States District Court in his petition for writ of habeas corpus under 28 U.S.C. § 2254.

On February 21, 2008, the Calhoun County Circuit Court denied the motion for relief from

the judgment of conviction under MCR 6.508. [Court Doc. No. 1-3, p. 5]. The trial court decided

that Roe failed to show he was deprived of effective assistance of counsel at the trial level and on

direct appeal. The performance of his counsel did not fall below an objective standard of

reasonableness and did not cause any actual prejudice to Roe. The remaining issues raised by Roe

were deemed to have been adjudicated in his direct appeal to the Michigan Court of Appeals.

Next, Roe filed a delayed application for leave to appeal in the Michigan Court of Appeals

pursuant to MCR 6.509 and 7.205 which was summarily denied on June 5, 2009. The short order

entered by the Michigan Court of Appeals provides in part: "The Court orders that the delayed

application for leave to appeal is DENIED because defendant has failed to meet the burden of

establishing entitlement to relief under MCR 6.508(D)." [Court Doc. No. 1-3, p. 3]. There is no

further discussion or explanation by the Michigan Court of Appeals of the specific reasons for its

decision. The Michigan Court of Appeals merely cited MCR 6.508(D) without explaining whether

Roe's application for leave to appeal was denied on the merits, denied on the ground of procedural

default, or denied for a combination of both these reasons.

The ambiguous, unexplained order issued by the Michigan Court of Appeals on June 5, 2009

generally citing MCR 6.508(D) does not constitute a viable basis for this Court to find that the

federal claims asserted by Roe in his 28 U.S.C. § 2254 habeas petition are barred by procedural

default. *Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010) (en banc). In *Guilmette*, 624 F.3d at 289-

90, the Sixth Circuit held that brief orders issued by the Michigan appellate courts generally invoking

MCR 6.508(D) are unexplained orders within the meaning of *Ylst v. Nunemaker*, 501 U.S. 797 (1991). *See also Amos v. Renico*, 683 F.3d 720, 726-27 (6th Cir. 2012); *Jackson v. Metrish*, 485 Fed. Appx. 781, 782 (6th Cir. 2012); *Skinner v. McLemore*, 425 Fed. Appx. 491, 494-95 (6th Cir. 2011). Such unexplained orders are presumed to either uphold or reject the last explained or reasoned decision by a Michigan state court. There is a presumption that a subsequent unexplained order generally invoking MCR 6.508(D) leaves the judgment of the earlier Michigan court in place and does not invoke procedural default. *Amos*, 683 F.3d at 726; *Guilmette*, 624 F.3d at 291-92.

To determine whether the Michigan state courts rejected or denied Roe's federal claims on state law procedural grounds, we must look to the last explained or reasoned opinion or order issued by a Michigan state court to determine the specific basis for that state court's rejection or denial of Roe's federal claims. *Amos*, 683 F.3d at 726; *Guilmette*, 624 F.3d at 291. The procedural default in Roe's case arises out of the subsequent explained decision by the Supreme Court of Michigan on September 9, 2009. After the Michigan Court of Appeals issued its order on June 5, 2009, Roe had 56 days to file an application for leave to appeal in the Supreme Court of Michigan under MCR 7.302(C)(2). After the 56-day time limit elapsed, Roe filed a late *pro se* application for leave to appeal in the Supreme Court of Michigan which was rejected and denied as untimely on September 9, 2009. This is the last explained Michigan court decision and it gives rise to the procedural default in Roe's case.

## II.    **Claims in Habeas Petition**

In his habeas petition, Roe pleads the following seven claims and grounds for relief:

(1)    He was denied constitutional due process when the Calhoun County Circuit Court on February 21, 2008, denied his motion for collateral relief from the judgment of conviction under MCR 6.508(D);

4

(2)      His constitutional right to due process was violated when the Michigan prosecutor failed to list and identify a single date when any of the incidents of sexual misconduct occurred within the six-year statute of limitation period;

(3)      His right to a fair and impartial trial guaranteed by the Sixth Amendment to the United States Constitution was violated when the trial court refused to dismiss a prospective juror for cause;

(4)      The trial court committed reversible error by allowing the prosecution to introduce expert testimony without qualifying the witness as an expert and/or limiting the scope of the expert testimony as required by Rule 702 of the Michigan Rules of Evidence;

(5)      The trial court committed reversible error by allowing prosecutorial misconduct when it denied Roe a fair and impartial trial, and violated Roe's right to due process guaranteed by the Fourth Amendment to the United States Constitution;

(6)      He was deprived of effective assistance of counsel at trial in violation of the Sixth Amendment to the United States Constitution and the Michigan Constitution, Article 1, § 20; and

(7)      He was deprived of effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution and the Michigan Constitution, Article 1, § 20.

III.    <u>Analysis</u>

     A.      <u>Procedural Default</u>

Roe failed to timely present these seven claims and issues to the Supreme Court of Michigan in his application for leave to appeal from the denial of his motion seeking relief from the judgment of conviction under MCR 6.508. On September 9, 2009, the Michigan Supreme Court rejected and

denied Roe's application for leave to appeal as untimely pursuant to MCR 7.302(C)(2). Roe failed to file his application within 56 days as required by the Michigan procedural rule, MCR 7.302(C)(2). Consequently, the seven claims asserted in Roe's habeas petition are procedurally defaulted.

Roe argues that there is no procedural default. He strives to make his case fit under the Sixth Circuit's opinion in *Guilmette*, 624 F.3d 286. Roe contends that the last explained decision by a Michigan court is the order entered by the Calhoun County Circuit Court on February 21, 2008, denying his motion for relief from the judgment of conviction under MCR 6.508. This argument fails. Roe is mistaken. The last explained order or decision by a Michigan state court occurred on September 9, 2009, when the Supreme Court of Michigan rejected and denied Roe's application for leave to appeal as untimely pursuant to MCR 7.302(C)(2).

Roe's reliance on *Guilmette* is misplaced. Roe's case is readily distinguishable from the fact situation addressed by the Sixth Circuit in *Guilmette*, 624 F.3d 286. Unlike *Guilmette*, the Michigan Supreme Court's last decision in Roe's case on September 9, 2009 is not ambiguous and unexplained. The Michigan Supreme Court in Roe's case did not generally invoke MCR 6.508(D) without any explanation whether there was a procedural default. It is undisputed that the Michigan Supreme Court rejected and denied Roe's untimely application for leave to appeal on a purely state procedural ground, i.e. Roe did not file his application within the time limit of 56 days as required by MCR 7.302(C)(2). This last explained decision by the Michigan Supreme Court on September 9, 2009 results in a procedural default on all of Roe's federal habeas claims.

Instead of looking to *Guilmette* for the ultimate answer to the procedural default question presented here, this Court concludes that Roe's case is more closely analogous to *Coleman v. Mitchell*, 244 F.3d 533, 537-41 (6th Cir. 2001). The Sixth Circuit's opinion in *Coleman* is instructive and provides guidance.

In *Coleman*, an Ohio state prisoner named Coleman took a direct appeal from his judgment of conviction and sentence. The Ohio Court of Appeals affirmed the judgment of conviction and sentence on direct appeal. Prisoner Coleman subsequently filed a late "application for delayed reconsideration" in the Ohio Court of Appeals which for the first time raised a new claim that his counsel on direct appeal had been constitutionally ineffective. The Ohio Court of Appeals denied the application for reconsideration as untimely. An Ohio rule of appellate procedure, Ohio App. R. 26(B)(2)(b), provided that applications for reconsideration must be filed within 90 days after the judgment of the Ohio Court of Appeals. Coleman failed to show good cause for filing his application for reconsideration more than 90 days after the decision of the Ohio Court of Appeals affirming the judgment of conviction and denying his direct appeal. The ineffective counsel claim was procedurally defaulted due to his failure to timely file the application for reconsideration in the Ohio Court of Appeals within the 90-day time limit required by Ohio Appellate Rule 26(B)(2)(b). This very similar to what occurred in Roe's case in the Supreme Court of Michigan.

Prisoner Coleman then filed a petition for writ of habeas corpus in federal district court under 28 U.S.C. § 2254 raising his same ineffective counsel claim. The federal district court denied the § 2254 habeas petition holding that the ineffective counsel claim was barred by the procedural default. Coleman took an appeal to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed the district court's decision to dismiss the federal habeas claim of ineffective appellate counsel as procedurally defaulted. *Coleman*, 244 F.3d at 537-41. The Sixth Circuit reasoned that the federal habeas claim of ineffective appellate counsel must be denied on the ground of procedural default because Coleman failed to timely file it in the Ohio Court of Appeals within the 90-day time limit required by Ohio procedural law. *Id*. at 539.

The same analysis by the Sixth Circuit in *Coleman,* 244 F.3d at 537-41, applies with equal

force in Roe's case.  *Coleman* teaches us that Roe's habeas claims are likewise barred from review

under 28 U.S.C. § 2254 based on his similar procedural default in the Supreme Court of Michigan.

Ordinarily, a state prisoner seeking habeas relief under 28 U.S.C. § 2254 must exhaust the

remedies available in the state courts, thereby affording the state courts the initial opportunity to

address and correct alleged violations of the prisoner's federal rights.  28 U.S.C. § 2254(b)(1)(A);

*Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Generally, Roe cannot obtain habeas relief under 28 U.S.C. § 2254 unless he has completely

exhausted his remedies available in the Michigan courts, including the Supreme Court of Michigan.

*Coleman v. Mitchell*, 244 F.3d at 538.  Roe cannot circumvent the exhaustion requirement by

violating or failing to comply with Michigan's procedural rules thereby committing a procedural

default under Michigan state law.  *Walker*, 131 S.Ct. at 1127; *Coleman*, 501 U.S. at 731-32;

*Coleman*, 244 F.3d at 538.

Generally, federal courts are barred from considering a question of federal law arising from

the judgment of a state court if the state judgment rests on a state-law ground that is adequate to

support the state court's decision and independent of the merits of the federal claim.  *Walker*, 131

S.Ct. at 1127; *Lee v. Kemna*, 534 U.S. 362, 375-76 (2002); *Harris v. Reed*, 489 U.S. 255, 260-62

(1989); *Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007); *Frazier v. Huffman*, 343 F.3d 780, 790

(6th Cir. 2003).  The state-law ground may be either a substantive rule dispositive of the case, or a

procedural barrier to adjudication of the federal claim on the merits.  *Walker*, 131 S.Ct. at 1127;

*Wainwright v. Sikes*, 433 U.S. 72, 81-82 (1977).

When a state-law procedural default prevents the state court from reaching the merits of a

federal claim, the federal claim ordinarily cannot be reviewed in federal court.  *Ylst*, 501 U.S. at 801;

*Murray v. Carrier*, 477 U.S. 478, 485-92 (1986); *Wainwright*, 433 U.S. at 87-88.  Generally, federal

habeas relief is unavailable when a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, and the state court's judgment rests on adequate and independent state procedural grounds. *Walker*, 131 S.Ct. at 1127; *Coleman*, 501 U.S. at 729-30. It is well settled in the Sixth Circuit that a habeas petitioner procedurally defaults on a federal claim if he fails to comply with a state procedural rule that the state court actually enforces, and the procedural rule constitutes an adequate and independent ground under state law for denying judicial review of a federal constitutional claim. *Brooks v. Tennessee*, 626 F.3d 878, 890 (6th Cir. 2010); *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

The Supreme Court recognizes that there can be "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee*, 534 U.S. at 376 (citing *Davis v. Wechsler*, 263 U.S. 22, 24 (1923)); *see also Walker*, 131 S.Ct. at 1128 n. 4. Roe's case does not fall within this very narrow category of extraordinary or exceptional cases, and he cannot avoid the application of the general rule.

There is a four-step analysis to determine whether Roe's habeas claims are procedurally defaulted. First, this Court must determine whether there is a Michigan state procedural rule applicable to Roe's federal claims and whether he violated or failed to comply with the Michigan procedural rule. Second, this Court must decide whether the Michigan state courts actually enforced the Michigan procedural rule or sanction against Roe. Third, this Court must decide whether the Michigan procedural rule is an adequate and independent state law ground on which the Michigan courts can rely to foreclose review of a federal constitutional issue. Fourth, even if there is a procedural default under Michigan law, Roe can overcome it if he demonstrates both cause for the procedural default and actual prejudice as a result of the alleged violation of his rights protected under federal law. *Harris*, 489 U.S. at 262; *Conley v. Warden Chillicothe Correctional Institution*,

2012 WL 5861713, * 4 (6th Cir. Nov. 20, 2012); *Amos*, 683 F.3d at 726; *Stone v. Moore*, 644 F.3d 342, 346 (6th Cir. 2011); *Brooks*, 626 F.3d at 890; *Guilmette*, 624 F.3d at 290; *Girts*, 501 F.3d at 753-55; *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Applying this test, the Court finds that there is a procedural default by Roe. There is a Michigan procedural rule, MCR 7.302(C)(2), applicable to the rejection of Roe's federal claims by the Supreme Court of Michigan. After the Michigan Court of Appeals issued its unexplained order on June 5, 2009 generally invoking MCR 6.508(D), Roe had 56 days to file his application for leave to appeal in the Supreme Court of Michigan which he failed to do. Roe did not comply with the 56-day time limit provided in MCR 7.302(C)(2). The Supreme Court of Michigan enforced MCR 7.302(C)(2) against Roe when it denied his application for leave to appeal as untimely.

To constitute an adequate and independent procedural rule under Michigan state law, the rule must be firmly established and regularly followed by the Michigan courts, and the rule cannot rely on federal law. *Walker*, 131 S.Ct. at 1128; *Girts*, 501 F.3d at 753-54; *Smith v. Ohio Department of Rehabilitation and Corrections*, 463 F.3d 426, 431 (6th Cir. 2006). The Court concludes that MCR 7.302(C)(2) is an adequate and independent procedural rule. MCR 7.302(C)(2) is firmly established and regularly followed by the Supreme Court of Michigan, and it does not rely on federal law.

Ordinarily, a habeas petitioner's violation of a firmly established and regularly followed state procedural rule will be adequate to foreclose or bar the federal courts from reviewing a procedurally defaulted federal claim on habeas review. *Lee*, 534 U.S. at 376; *James v. Kentucky*, 466 U.S. 341, 348 (1984). The Supreme Court of Michigan rejected and declined to review Roe's federal claims because they were not timely presented in accordance with Michigan's procedural rule in MCR 7.302(C)(2). Roe's procedural default under MCR 7.302(C)(2) prevented consideration of his

federal constitutional issues by the Michigan Supreme Court. The procedural default bars this Court

from considering Roe's same federal claims for habeas corpus relief under 28 U.S.C. § 2254. *Ylst*,

501 U.S. at 801; *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107 (1982); *Conley*, 2012 WL

5861713, at * 4; *Girts*, 501 F.3d at 753; *Hagrave v. Yukins*, 374 F.3d 383, 387 (6th Cir. 2004).

**B.     Cause and Prejudice Test**

The Court finds that Roe has not met his burden of showing cause and prejudice to excuse

or overcome the procedural default. To satisfy the "cause" factor, Roe is required to show that some

objective factor external to his defense impeded his efforts to comply with MCR 7.302(C)(2).

*Coleman*, 501 U.S. at 753; *Murray*, 477 U.S. at 488; *Brooks*, 626 F.3d at 890. Roe fails to show that

some external factor beyond his control impeded his efforts to comply with MCR 7.302(C)(2) and

prevented him from timely filing his application for leave to appeal in the Supreme Court of

Michigan in June-July 2009.

In an effort to excuse or overcome the procedural default, Roe proffers the following

disingenuous explanation. Roe alleges that attorney Neil Williston, who had previously represented

Roe on other unrelated matters, is entirely at fault for the delay. Roe seeks to place all of the blame

for the procedural default on this attorney's conduct.

After the Michigan Court of Appeals issued its order on June 5, 2009 denying Roe's

application for leave to appeal under MCR 6.508(D), Roe planned to file a very similar or virtually

identical *pro se* application for leave to appeal in the Supreme Court of Michigan and represent

himself. Roe was not going to be represented by an attorney. It is alleged that attorney Neil

Williston was supposed to act as a "ghostwriter" to draft the application and mail it to Roe in prison

but the attorney did not mail it to Roe in a timely manner. [Court Doc. No. 36, p. 6]. According to

Roe, he was late in receiving the application from the attorney by mail and this is the reason why Roe

was unable to timely file his *pro se* application for leave to appeal in the Supreme Court of Michigan within the 56-day time limit required by MCR 7.302(C)(2). Roe argues that the attorney in effect "abandoned" him at a critical juncture. In short, Roe contends that he was helpless because he was waiting for the attorney to perform the task of drafting the application.

Roe's proffered explanation is insufficient to establish good cause to excuse or overcome his procedural default. In the final analysis, it is immaterial whether an attorney did or did not prepare and mail the application to Roe in a timely manner. Roe is ultimately responsible for the procedural default. *Coleman*, 501 U.S. at 752-54. Attorney Neil Williston was not representing Roe in the Supreme Court of Michigan. Roe concedes that he planned to represent himself *pro se* in the Supreme Court of Michigan. It was Roe's obligation to make certain that his *pro se* application for leave to appeal was timely filed in the Supreme Court of Michigan which he failed to do.

Roe does not offer a satisfactory explanation or valid reason why he was unable to accomplish this relatively straightforward task on his own, especially in view of the fact that Roe had previously filed a very similar or almost identical application for leave to appeal in the Michigan Court of Appeals a few months earlier. There is no good reason why Roe could not have simply used the application for leave to appeal that he had recently filed in the Michigan Court of Appeals as a guide, and quickly revised the application so that he could timely file it in the Supreme Court of Michigan. Roe fails to demonstrate that there was a good reason and genuine need for him to wait several months for an attorney to draft the application and mail it to Roe.

The Court rejects Roe's contention that the attorney "abandoned" him. Roe argues that his case presents extraordinary circumstances where he can show cause for the procedural default on the theory that the attorney abandoned him. As support for this abandonment theory, Roe relies primarily on *Holland v. Florida*, 130 S.Ct. 2549 (2010).

12

This argument fails. *Holland* and its progeny stand for the proposition that in rare cases egregious misconduct by a habeas petitioner's attorney may constitute an extraordinary circumstance that warrants equitable tolling of the statute of limitations. There can be equitable tolling if an attorney: (1) completely abandons the case; (2) makes material misrepresentations to the client; or (3) becomes mentally or physically incapacitated. *Holland*, 130 S.Ct. 2549; *Patterson v. Lafler*, 455 Fed. Appx. 606, 609-10 (6th Cir. 2012); *Robertson v. Simpson*,624 F.3d 781 (6th Cir. 2010); *Brown v. Bauman*, 2012 WL 1229397, ** 7-11 (W.D. Mich. April 12, 2012).

Roe's reliance on *Holland*, 130 S.Ct. 2549 is misplaced. This line of precedent does not assist Roe in meeting his burden of showing cause to excuse or overcome his procedural default. *Holland* is inapposite. Roe's case is readily distinguishable from *Holland*. The facts and circumstances in Roe's case do not even come close to the attorney's egregious misconduct in *Holland*. Roe asserts that attorney Neil Williston was merely supposed to act as a "ghostwriter" to draft the application for leave to appeal. Attorney Williston never represented Roe in the Supreme Court of Michigan. At all times Roe represented himself *pro se* without counsel of record.

Moreover, the alleged conduct of attorney Williston does not amount to the abandonment of Roe's case. The alleged conduct of attorney Williston does not constitute the kind of abandonment of a client condemned by the Supreme Court in *Holland*. Roe simply fails to show that attorney Williston abandoned him. At most, attorney Williston may have been negligent in not preparing and mailing the application for leave to appeal to Roe at an earlier point in time. According to Roe, attorney Williston did actually prepare and mail the application for leave to appeal to Roe in prison but this was not done in a timely manner. This may be simple negligence on the part of the attorney but it does not rise to the level of abandonment of Roe's case under the analysis in *Holland*. If attorney Williston was negligent or made an inadvertent mistake, this cannot establish that Roe has

cause to excuse or overcome his procedural default. *Coleman*, 501 U.S. at 752-54.

Where a habeas petitioner fails to show cause for a procedural default, the Court need not take the next step and consider whether he has also established actual prejudice. *Engle*, 456 U.S. at 134 n. 43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985). Since Roe fails to show there is sufficient cause to excuse or overcome his procedural default, the Court can rule against him on this basis alone.

In any event, the Court concludes that Roe fails to show he will suffer actual prejudice if his federal habeas claims are barred from further review under 28 U.S.C. § 2254 based on the procedural default. Roe must show not merely that errors committed in his underlying Michigan criminal case created the possibility of prejudice, but that the errors worked to his actual and substantial disadvantage, infecting his criminal case with error of federal constitutional dimensions. *Murray*, 477 U.S. at 494; *Brooks*, 626 F.3d at 890; *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 2001).

Roe fails to met his burden of showing actual prejudice. All of Roe's federal habeas claims are without merit. Roe cannot establish that there was a violation of his federal constitutional rights during the proceedings in his state criminal case in the Michigan courts. Because there is strong evidence of his guilt on the Michigan criminal charges and a lack of evidence to support his federal habeas claims, Roe cannot satisfy the prejudice component of the cause and prejudice test. *Arias v. Lafler*, 2013 WL 85923, * 6 (6th Cir. Jan. 9, 2003); *Perkins*, 58 F.3d at 219; *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).

### C.  Fundamental Miscarriage of Justice Exception

There is an alternative to the cause and prejudice test. A habeas petitioner may excuse or overcome a procedural default by demonstrating that a fundamental miscarriage of justice will occur if the Court does not consider and adjudicate the federal habeas claims on the merits. The

fundamental miscarriage of justice exception applies only in an extraordinary case where a violation of the United States Constitution has probably resulted in the conviction of a person who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995); *Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray*, 477 U.S. at 495-96. Actual innocence means factual innocence. A credible claim of actual (factual) innocence must be supported with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness account testimony, or critical physical evidence – that was not presented at trial. *Schlup*, 513 U.S. at 324; *Arias*, 2013 WL 85923, * 8; *Conley*, 2012 WL 5861713, at * 6; *Williams*, 380 F.3d at 973.

Roe cannot establish that this exception applies in his case. Roe cannot excuse or overcome his procedural default based on the fundamental miscarriage of justice exception. He does not have a credible claim of actual (factual) innocence supported by new reliable evidence.

## IV. <u>Conclusion</u>

Roe's objections to the Magistrate Judge's report and recommendation [Court Doc. No. 40] are DENIED. For the reasons expressed in this memorandum and order, the Court ACCEPTS and ADOPTS the report and recommendation [Court Doc. No. 39] pursuant to 28 U.S.C. § 636(b)(1). All of the claims and grounds for relief asserted by Roe in his petition for writ of habeas corpus under 28 U.S.C. § 2254 are DENIED AND DISMISSED WITH PREJUDICE on the ground of procedural default. The requests by Roe for discovery, an evidentiary hearing, and oral argument are DENIED.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that this Court must issue or deny a certificate of appealability when it enters a final order adverse to petitioner Roe. 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right.

Because the entire habeas petition is being dismissed on the ground of procedural default, a certificate of appealability may issue only if Roe shows that jurists of reason would find it debatable whether this Court's decision is correct. *Slack*, 529 U.S. at 484. For the reasons expressed in this memorandum and order, a certificate of appealability is DENIED pursuant to 28 U.S.C. § 2253(c)(2), Fed. R. App. P. 22(b)(1), and *Slack*, 529 U.S. at 484. The Court will not issue a certificate of appealability because Roe fails to show that jurists of reason would find it debatable whether this Court's decision is correct.

A separate judgment will be entered.

SO ORDERED.

Date: March 7, 2013.


/s/    *R. Allan Edgar*

R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE
